IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| **BLUE WATER SHIPPING US, INC.,** | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | |
| **SAPURA USA HOLDINGS, INC., AND** | § | Civil Action No. 1:22-CV-333 |
| **SAPURA ENERGY MEXICANA,** | § | |
| **S.A.P.I.DE C.V.** | § | |
| Defendants. | § | |

**PLAINTIFF BLUE WATER SHIPPING US, INC.'S
FIRST AMENDED COMPLAINT AND JURY DEMAND**

Plaintiff Blue Water Shipping US, Inc. ("Plaintiff") files this *First Amended Complaint and Jury Demand*[1] against Defendants Sapura USA Holdings, Inc. d/b/a Sapura Energy ("Sapura USA"), Sapura Energy Mexicana, S.A.P.I. de C.V. d/b/a Sapura Energy ("Sapura Mexico") and Sapura Energy Berhad d/b/a Sapura Energy ("Sapura Berhad") (collectively hereinafter "Defendants"), and would respectfully show unto this Court the following:

## I. NATURE OF THE CASE

1.1 This is an action for breach of contract, suit on a sworn account, unjust enrichment, and promissory estoppel, resulting from Defendants' breach of contract and failure to pay Plaintiff in the amount of $171,908.16 for services rendered.

## II. PARTIES

2.1 Plaintiff Blue Water Shipping US, Inc. is a Delaware corporation, authorized to conduct business in the State of Texas, with an office in Texas.

---

[1] By filing this Amended Complaint, Plaintiff is not waiving its jurisdictional challenges, including without limitation those challenges contained within its *Motion to Remand* [Doc. 7]. Plaintiff is filing this Amended Complaint in accordance with this Court's Scheduling Order.

2.2     Defendant Sapura USA Holdings Incorporated d/b/a Sapura Energy is Delaware corporation authorized to conduct business in Texas and maintains a regular place of business in Texas, specifically 2100 West Loop South, Suite 1110, Houston, TX 77027.  Defendant Sapura USA does business under the assumed name "Sapura Energy" and may be served with process in accordance with Rule 21a by serving a copy of this Amended Complaint on Sapura USA's counsel of record.

2.3     Defendant Sapura Energy Mexicana, S.A.P.I. de C.V. d/b/a Sapura Energy is a Mexican corporation headquartered at Edificio Takin 4to Piso, Interior 404 Av. Isla de Tris 28-A, Col. San Miguel, C.P. 24157, Cd. Del Carmen, Campeche, México.  Defendant Sapura Mexico conducts business and maintains a regular place of business in Texas, specifically 2100 West Loop South, Suite 1110, Houston, TX 77027.  Defendant Sapura Mexico does business under the assumed name "Sapura Energy" and may be served with process in accordance with the provisions of the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters, or any other place in which it may be found.  Plaintiff requests that citation be issued.

2.4     Defendant Sapura Energy Berhad d/b/a Sapura Energy is a Malaysian corporation headquartered at No. 7, Jalan Tasik, Mines Resort City, 43300 Seri Kembangan, Selangor, Malaysia.  Defendant Sapura Berhad conducts business and maintains a regular place of business in Texas, specifically 2100 West Loop South, Suite 1110, Houston, TX 77027.  Defendant Sapura Berhad does business under the assumed name "Sapura Energy" and may be served with process in accordance with the provisions of the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters, or any other place in which it may be found.  Plaintiff requests that citation be issued.

## III. JURISDICTION & VENUE

3.1     Plaintiff has filed a *Motion to Remand* with this Court on September 6, 2022. [Doc. 7]. Defendant Sapura USA's Motion to Remove this matter is improper because, despite Sapura USA's allegations, there is no diversity of citizenship pursuant to 28 U.S.C. § 1332.

3.2     Venue is proper in Orange County, Texas because Orange County, Texas is the county where all or a substantial part of the events or omissions giving rise to the claim occurred. Defendants availed themselves to jurisdiction in Orange County, Texas by engaging in commercial activities in Orange County, Texas.

## IV. FACTUAL BACKGROUND

4.1     Plaintiff is a global transport and logistics company which specializes in all logistics services in modern supply chain management. In 2021, Plaintiff provided transport and logistics services for all three Defendants at Defendants' request under the assumed name Sapura Energy. Plaintiff provided these services to Defendants (as referenced in the Account and Invoices) on or about the dates shown on the itemized and verified account (the "Account") and invoices ("Invoices") attached hereto as Exhibits "A-1" – "A-8," respectively.

4.2     Throughout the course of their business relationship, Plaintiff conferred with individuals representing themselves to be representatives of "Sapura Energy", which upon information and belief is an assumed name by which Defendant Sapura Mexico, Defendant Sapura USA (upon information and belief, Sapura USA is the only Sapura entity registered to do business in the United States) and Defendant Sapura Energy Berhad use to do business. Plaintiff's services as referenced in the Invoices were provided to all three Defendants (Sapura Mexico, Sapura USA and Sapura Energy Berhad) as Sapura Energy. Additionally, Sapura Mexico, Sapura USA and Sapura Energy Berhad doing business as Sapura Energy provided written approval to Plaintiff of the work to be performed, facilitated the work being performed, and even made numerous

affirmative representations and promises to pay Plaintiff for the services performed. *See* email correspondence attached hereto and incorporated herein as Exhibit "B." Further, as depicted in Exhibit "C" attached hereto, "Sapura Energy" employee Jared Dent – Senior Projects Manager of Sapura Energy's Houston office approved said Invoices for payment (yellow highlight added):





4.3     Plaintiff's invoices were addressed to Sapura Mexico merely at the request of Defendants' Procurement/Logistics Coordinator Galen Cloud. Specifically, on January 4, 2021, Mr. Cloud provided BWS with "the address for the entity we will be using as importer of record":

**From:** Galen Cloud <galen.cloud@sapuraenergy.com>
**Sent:** Monday, January 4, 2021 4:14 PM
**To:** Chris Hartman <chrh@bws.dk>
**Cc:** Lucas Strom <lstr@bws.dk>; Jim Robinson <jim.robinson@sapuraenergy.com>; Barton Folse <bafo@bws.dk>
**Subject:** RE: External: RE: Updated Commercial- Shipping of Sapura Dive System & Davit

Hi Chris,

The address for the entity we will be using as importer of record is as follows:

Sapura Energy Mexicana, S.A.P.I. de C.V.
Edificio Takin 4to Piso, Interior 404
Av. Isla de Tris 28-A, Col. San Miguel, C.P. 24157
Cd. Del Carmen, Campeche, México

The POA is still waiting to be completed. Should be back any day now. Keep in mind this is being filled out in Mexico and they do not have access to a notary or a company seal for certification. Is this going to be a problem?

Did you ever get me a quote back over here with the addition of the davit and now fumigation and ISF filing (bond?)? If not I need that with those additions included

Best Regards,



**Galen Cloud**
Procurement/Logistics Coordinator
**Sapura Energy**
2100 West Loop South
Suite 1110
Houston, TX 77027
M: +1 832 350 1968
galen.cloud@sapuraenergy.com
www.sapuraenergy.com

**From:** Chris Hartman <chrh@bws.dk>
**Sent:** Monday, January 4, 2021 3:47 PM
**To:** Galen Cloud <galen.cloud@sapuraenergy.com>
**Cc:** Lucas Strom <lstr@bws.dk>; Jim Robinson <jim.robinson@sapuraenergy.com>; Barton Folse <bafo@bws.dk>
**Subject:** RE: External: RE: Updated Commercial- Shipping of Sapura Dive System & Davit

**External Sender: Use caution with links / attachments.**

Hi Galen,

Are you still reviewing the native POA by chance sir (would like to auto populate for you)? Need to get you a bond on file in order to even file the ISF (you don't have one on file per my understanding). What address are you going to be using on the POA in summary?

Let us know and thanks,



Chris Hartman
Sr. Project Manager
Houston

Tel. dir: +1 281 449-7447
Mobile: +1 281 740-5448
E-mail: chrh@bws.dk
Web: www.bws.dk

This E-mail is confidential and intended only for the use of the individual/s or entity named above and may contain information that is privileged. If you are not the intended recipient, you are notified that any dissemination, distribution or copying of this E-mail is strictly prohibited. If you have received this E-mail in error, please notify us immediately by return E-mail or telephone and destroy the original message.
This is a written communication from Blue Water U.S., Inc( FMC No- 18093NF) acting as an NVOCC.

**The SHIPPER'S BOOKING OF CARGO AFTER RECEIVING THE TERMS OF THIS NRA OR NRA AMENDMENT CONSTITUTES ACCEPTANCE OF THE RATES AND TERMS OF THIS NRA OR NRA AMENDMENT** (per 46 CFR Part 532) and comprises (along with the Rate Quote) the entire NRA This NRA is valid until the stated expiration date or until the stated quantity has been received by Carrier, whichever occurs first. Carrier's Rules Tariff, provided free of charge at http://www.dartmaritime.com. contains the terms and conditions which are further applicable to this shipment.
NOTICE: This shipment is made pursuant to an FMC NRA exemption per 46CFR§532.6. This NRA contains in writing the terms and conditions to which the parties have agreed. If the terms and conditions contained herein do not reflect Shipper's understanding, Shipper must notify Carrier immediately in writing. The Carrier and/or the shipper may not cancel or modify this NRA after the time of receipt of the initial shipment by the carrier or its agent (or the originating carrier in the case of through transportation).

**From:** Chris Hartman
**Sent:** Monday, December 28, 2020 1:23 PM
**To:** Galen Cloud <galen.cloud@sapuraenergy.com>; Barton Folse <BAFO@BWS.DK>; Jim Robinson <jim.robinson@sapuraenergy.com>
**Cc:** Lucas Strom <lstr@bws.dk>
**Subject:** RE: External: RE: Updated Commercial- Shipping of Sapura Dive System & Davit

Hi Galen,

Here is the native POA file attached. Can you confirm in return the importer's name and address for sake of good order pls? We will then populate the POA, so that you only have to add a few fields.

Thank you and pls confirm, so we can re-send the needful populated to your attention.



   4.4  Mr. Cloud made it clear through his use of the word "*we*" that Defendants Sapura Mexico, Sapura USA and Sapura Energy Berhad were simply using Sapura Mexico as the

"importer of record" and that Plaintiff's services were for the benefit of all Defendants via "Sapura Energy." Likewise, Plaintiff requested who would be listed as the importer of record on behalf of Defendants "for the sake of good order" with the understanding that Plaintiff's services were being provided to Defendants Sapura Mexico, Sapura USA and Sapura Berhad doing business as Sapura Energy. Moreover, Jared Dent of Sapura Energy's Houston office issued a final approval of the Invoices. *See* Exhibit C. It was Plaintiff's belief and understanding that Plaintiff was doing business with "Sapura Energy" including Sapura USA, Sapura Mexico and Sapura Berhad, and not just Sapura Mexico. *See* Exhibit A.

4.5 Defendants are not separate or distinct legal entities, as all three do business in the United States and Texas as "Sapura Energy". Despite doing business in Texas, only Defendant Sapura USA maintains an active, registered account with the Texas Secretary of State. On information and belief, Defendants Sapura Berhad and Sapura Mexico are conducting business in the State of Texas by and through their registered entity, Sapura USA and all three Defendants are conducting business as "Sapura Energy". Throughout the relationship of the parties, Defendants Sapura Mexico, Sapura USA and Sapura Berhad acted as a single entity, approving work for one another, requesting invoicing across country lines, and approving Plaintiff's Invoices. The agreements, communications and representations between the parties support the fact that the parties intended to benefit Defendants Sapura Mexico, Sapura USA and Sapura Berhad with the transport and logistic services provided by Plaintiff. *Id*.

4.6 Plaintiff performed services for Defendants for which Defendants owe Plaintiff the sum of $171,908.16, plus interest. Despite demand and Defendants' approval of payment for the Account and Invoices, Defendants have failed and refused to pay the monies that Defendants owe to Plaintiff.

## V. CAUSES OF ACTION

### COUNT 1 – BREACH OF CONTRACT

5.1 Plaintiff incorporates herein all of the foregoing allegations. Defendants agreed to pay Plaintiff the sum of $171,908.16 for services provided by Plaintiff to and/or for the benefit of Defendants on or about the dates shown on the itemized and verified Account and Invoices. A contract was formed under which Plaintiff fully performed. Defendants, via their employees / representatives including Jared Dent and Galen Cloud, approved payment for the Invoices. However, Defendants failed to pay the sums due and owing to Plaintiff, damaging Plaintiff in the amount of at least $171,908.16, together with applicable interest, and reasonable and necessary attorneys' fees and expenses.

### COUNT 2 – SWORN ACCOUNT

5.2 Plaintiff incorporates herein all of the foregoing allegations. Plaintiff brings this suit as a sworn account pursuant to the provisions of Rule 185 of the Texas Rules of Civil Procedure. *See* the Affidavit of Lucas Strom, attached hereto as Exhibit "A." At the special insistence and request of Defendants doing business as Sapura Energy and in consideration of each Defendants' promise to pay for the services provided by Plaintiff, Plaintiff provided the services shown on the attached Exhibits "A-1" and "A-8," which are the verified Account and Invoices representing a liquidated money demand founded upon the business dealings between Plaintiff and Defendants doing business as Sapura Energy, which are incorporated herein by reference as if fully copied and set forth at length herein. Plaintiff provided to Defendants valuable services, which were provided at the special insistence and request of all three Defendants doing business as Sapura Energy and such services were provided in the regular course of Plaintiff's business.

5.3 In consideration of such services, on which a systematic record has been kept, Defendants promised and became bound and liable to pay Plaintiff the prices charged therefore in

the amount of $171,908.16, such prices being a reasonable charge for such services. Despite numerous verbal and written demands by Plaintiff upon Defendants for payment, Defendants have refused and failed to pay the remaining balance on the account to Plaintiff in the sum of $171,908.16, plus interest.

### COUNT 3 – QUANTUM MERUIT AND UNJUST ENRICHMENT

5.4    Plaintiff incorporates herein all of the foregoing allegations. In the alternative, and without waiving any of the foregoing, Plaintiff maintains that in 2021, at the special insistence and request of Defendants, and upon each Defendants' promise to pay the reasonable value thereof, Plaintiff provided valuable services to Defendants doing business as Sapura Energy, which Defendants accepted and used to Defendants' benefit with actual or constructive knowledge that Plaintiff expected Defendants to pay the prices charged therefore. Defendants have refused to pay for the benefits Defendants received from Plaintiff. Defendants have been unjustly enriched by Defendants' use and enjoyment of the services provided by Plaintiff.

5.5    Plaintiff would show the court that Plaintiff provided such services to Defendants under such circumstances where one would normally expect to receive and Defendants would normally expect to pay compensation. It would be inequitable and unconscionable to allow Defendants to retain the benefits conferred without payment. Plaintiff would show that an action in quantum meruit lies against Defendants for the reasonable value of the services provided by Plaintiff to Defendants, which is in the amount of $171,908.16, plus interest. Defendants have failed and refused to pay Plaintiff the reasonable value of such services.

5.6    After allowing all just and reasonable credits and offsets, there remains due and owing to Plaintiff from Defendants the reasonable value of $171,908.16, plus interest, for which Plaintiff now sues.

## COUNT 4 – PROMISSORY ESTOPPEL

5.7 Plaintiff incorporates herein all of the foregoing allegations. In the alternative, Defendants made promises by way of promises and assurances to Plaintiff that Plaintiff reasonably and substantially relied upon to Plaintiff's detriment. It was foreseeable by Defendants that Plaintiff would rely upon Defendants' promises, which turned out to be empty and false promises. For Plaintiff's injuries caused by reliance on Defendants' promises, Plaintiff seeks Plaintiff's reliance damages, pre and post judgment interest, court costs and attorney's fees under Chapter 38 of the Texas Civil Practice and Remedies Code.

## VI. DAMAGES

6.1 Plaintiff incorporates herein all of the foregoing allegations.

6.2 Plaintiff respectfully requests judgment against Defendants, as follows:

    a. actual damages in an amount not less than $171,908.16;

    b. prejudgment and postjudgment interest; and

    b. attorney's fees and costs.

## VII. ALTERNATIVE PLEADINGS

7.1 To the extent facts and/or causes of actions plead in this Complaint are in conflict, they are pled in the alternative.

## VIII. JURY DEMAND

8.1 Plaintiff requests a jury trial and have paid the requisite fee.

## IX. CONDITIONS PRECEDENT

9.1 All conditions precedent to this action have been performed, have occurred, or have been excused.

# X. PRAYER

Plaintiff Blue Water Shipping US, Inc., prays that Defendants be cited to appear to the extent Defendants have not previously appeared, and that this Court enter judgment in favor of Plaintiff against Defendants, joint and severally, and award Plaintiff the following relief:

   a. Actual damages in the amount not less than $171,908.16, plus accrued interest until paid;

   b. Reasonable and necessary attorneys' fees and expenses;

   c. Prejudgment interest;

   d. Post judgment interest;

   e. Costs of court; and

   f. Such and further relief to which Plaintiff may show itself justly entitled to receive.

Respectfully submitted,

**GORDON & REES LLP**

By: */s/ Andrew M. Scott*
    Andrew M. Scott
    State Bar. No. 24075042
    Federal Bar No. 1128461
    ascott@grsm.com
    1900 West Loop South, Suite 1000
    Houston, Texas 77027
    (713) 961-3366 – Telephone
    (713) 961-3938 – Facsimile

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of October, 2022, a true and correct copy of the foregoing pleading has been filed with the Court using the Court's Electronic Case Filing System, and served on all counsel of record.

                                                */s/ Andrew M. Scott*
                                                **Andrew M. Scott**